AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:18 MJ 1061 JMB |
| DUSTIN LOCKWOOD ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☐ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☐ Lack of stable residence
- ☒ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

The parties offered no objection to the factual background set forth in the Pretrial Services Report dated February 22, 2018. The undersigned adopts and incorporates by reference herein the facts set out in that Report. Defendant offered additional information which the undersigned has considered.

The Court conducted a combined preliminary and detention hearing.  The government presented testimony from ATF Special Agent Eric Shelvy.  S/A Shelvy recounted the details surrounding Defendant's arrest. Defendant was located in the parking lot of Fox High School with two loaded firearms – a .22 caliber rifle and a .22 caliber pistol.  Defendant also possessed a homemade silencer and material consistent with homemade explosives and/or fireworks (e.g., powders, wicks, matches, cylinders with fuses), along with camping gear. The silencer is not registered and is, therefore, illegal to possess.  Defendant was cooperative with investigators.

Defendant lives with his mother in a trailer in Jefferson County, MO.  Defendant admitted that he had additional materials at his home.  Both Defendant and his mother consented to a search of the residence.  The search was conducted, at least in part, by a bomb squad.  Roughly two pounds of suspect chemicals for making explosives were recovered from the home.  At the time of the hearing, lab analyses of the chemicals were not available.  Also located in the home was a string of Christmas lights that had been configured for use as an ignition or detonation device.  Per the bomb squad, based on what was located, Defendant was one or two steps away from making an explosive device.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:           March 1, 2018                               /s/ John M. Bodenhausen
                                                            United States Magistrate Judge

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

S/A Shelvy explained that, later in the investigation, a notebook/ledger was recovered from Defendant's vehicle (the one that had been at Fox High School). Nine pages were offered and admitted to this Court for the purposes of the hearing. The first few pages appeared to involve matters unrelated to the issues before the Court. Page 4 appeared to list ingredients for homemade fireworks, for the most part. At the bottom of the bottom of page 4, however, there is a notation of "ANFO" which is the type of explosive used in the Oklahoma City bombing. Page 5 has a list that includes references to nitroglycerine and TATP. Page 6 includes what appears to be a detailed recipe for making nitroglycerin. Page 7 includes what appears to be a recipe for TATP. S/A Shelvy explained that TATP is a dangerous explosive, which has been used in a variety of terrorist attacks around the globe, and is highly volatile and easily detonated. TATP can be made from ingredients that are available to the public.[1] The ledger includes recipes for other explosives.

Both firearms seized from Defendant were manufactured outside of Missouri.

Defense counsel cross-examined S/A Shelvy extensively. No TATP was located in the search of the residence. Defendant was at school to pick up his sister who is a student. There is no evidence that Defendant had threatened anyone with violence, had made anti-government statements, or provided indicators of an imminent threat to the school. Defendant always carries a pistol and contends that he intended to pawn the rifle for funds to assist his mother with her expenses. There was no explanation given why Defendant had the silencer, but he contended that he had some of the chemicals for purposes of camping (spices, fire starters and the like). Defendant has no criminal history and is not prohibited from possessing a firearm.

Defendant presented testimony from his mother, Tracie Hendrix. Defendant lives with Ms. Hendrix. Ms. Hendrix requires the assistance of a cane and suffers from health problems that require medical intervention and the assistance of her son. Defendant lives with his mother and stays in the living room of her trailer home. Ms. Hendrix stated that Defendant was at the school to pick up his sister and was intending to pawn his rifle to obtain funds to assist her. Ms. Hendrix stated that Defendant puts on fireworks shows at a grandparent's property, but she could not recall exactly the last time. She stated that Defendant had no radical views that she knew about. Defendant would be permitted to reside with her if released.

The government cross-examined Ms. Hendrix. She acknowledged she did not know about Defendant's silencer or his ledger with the recipe for explosives. She did not know where Defendant purchased the materials recovered or other chemicals. She does not share a bank account or credit card with Defendant. She did not know where Defendant made fireworks and was not with him when he was in the woods.

---

[1] S/A Shelvy interviewed Defendant twice and Defendant was cooperative. S/A Shelvy did not have an opportunity to question Defendant regarding the notations on the ledger because the ledger was recovered later.

Based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would ensure the safety of the community.  First, the undersigned finds that there is more than probable cause to conclude that Defendant possessed a firearm on school property in violation of federal law.  The weight of the evidence is exceptionally strong.  While defense counsel was able to provide explanations for some of the circumstances, counsel could not explain all of those circumstances.  This Court views the totality of the facts, not each fact in isolation.  When the combination of facts is assessed, the undersigned finds that Defendant poses a substantial risk that cannot be reasonably addressed by conditions.  The mere act of taking two firearms, plus a silencer, plus materials for making explosives to a public school, for any reason whatsoever, is extremely reckless and dangerous.  It is even more so given recent events.  And this is not a situation where the weapons were in a trunk or inaccessible.  They were accessible to him in the car, on school property.  This conduct demonstrates extremely poor judgment and decision making.  Such poor judgment cannot be addressed by any meaningful set of conditions.  The undersigned's conclusion is only reinforced by the contents of the ledger found in Defendant's car as well as a makeshift detonator and chemicals found at his house.[2]  In isolation, it may reflect innocent curiosity to look up formulas for explosives such as TATP or nitroglycerin, but writing those formulas down, in a ledger, strongly suggests an intention to manufacture such explosives.  This intention is manifest when the remainder of Defendant's conduct is considered.  The handwritten ledger reinforces a conclusion that Defendant is exhibiting poor and dangerous judgment.

The undersigned does not understand why Defendant failed to advise that he previously worked at Fox High School when he was interviewed by Pretrial Services.  Although an explanation was provided at the hearing,[3] it still is a troubling that he did not volunteer that information earlier.

Finally, Pretrial Services recommended detention in this matter.  That recommendation did not change after the hearing.

The government's motion for pretrial detention is granted.

---

[2] Defendant argued that, by seizing the ledger, the dangers reflected by the formulae therein is removed.  The undersigned is not persuaded.  The undersigned also concludes that Defendants use of homemade fireworks may not constitute a history of violence, but does reflect Defendant's general dangerousness, potential recklessness, and may constitute additional criminal conduct.

[3] Defendant's supervisors at Fox High School were happy with his work.  Defendant purportedly left that job because he was sick of being told what to do and had greater ambitions.  Defendant eventually went to Montana.  Why he left Montana is not currently known.  Defendant was unemployed at the time of the events in question.  Defendant has back issues.